UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20313-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRY McKNIGHT,

    Defendant.

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This matter came before the Court following an Order of Reference to conduct a change of plea hearing for the Defendant, Terry McKnight. ECF No. 99. The Court conducted a change of plea hearing on this date, November 20, 2025, and, for the following reasons, it is recommended that the Defendant's plea of guilty be accepted:

    1.    At the outset of the change of plea hearing, the Defendant was advised that this Court was conducting the change of plea hearing on an Order of Reference from the District Court. The Defendant was further advised of his right to have these proceedings conducted by Judge Martinez, the District Court Judge assigned to the case. The Court additionally advised the Defendant that Judge Martinez would be the judge sentencing the Defendant and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

    2.    The Defendant was made aware that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's

attorney, and the Assistant United States Attorney appearing for the government all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

4. The parties entered into a written plea agreement, which they had with them at the hearing and which was thereafter filed with the Court. ECF No. 102. The Court reviewed that plea agreement on the record, and the Defendant acknowledged that he read and understood the agreement, signed it, and agreed to its terms. The Defendant pled guilty to the crimes of enticement of a minor, in violation of Title 18, United States Code, Section 2422(b), as charged in Count 2 of the Indictment, and receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1), as charged in Count 3 of the Indictment.

5. The parties also agreed to a written factual proffer, and that document was also with them at the hearing and was later filed with the Court. ECF No. 101. The Defendant said that he had read that factual proffer and agreed that it was accurate, and he confirmed that he signed the document. The government stated on the record a factual basis for the entry of the plea that included all the essential elements of the offenses to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable. The Court reviewed the government's factual proffer with the Defendant to assure that a factual basis existed for the entry of the plea. The Defendant acknowledged his commission of the offenses and confirmed the accuracy of the factual proffer presented by the government in open court.

6. The Court also advised the Defendant of the possible maximum penalties and the applicable mandatory minimum penalties, and the Defendant acknowledged that he understood these possible penalties and the consequences of his guilty plea, including potential immigration

and removal consequences.  The Court additionally reviewed with the Defendant the provisions of the plea agreement that waive his rights to appeal his sentence, and the Defendant acknowledged that he had discussed the appeal waiver with his lawyer and that he understood the waiver and the rights that he was waiving.

7. Based upon all the foregoing and the plea colloquy conducted by this Court, this Court found that the Defendant was competent and capable of entering an informed plea, that he freely, knowingly, and voluntarily entered his guilty plea, and that the plea was supported by an independent basis in fact containing each of the essential elements of the offenses.  It is therefore recommended that the Defendant be found to have freely and voluntarily entered his guilty plea as more particularly described herein and that the Defendant be adjudicated guilty of the offenses charged in Counts 2 and 3 of the Indictment.

8. The Defendant was also informed that, because he is pleading guilty to an offense for which the maximum sentence is life imprisonment, he must be ordered detained pursuant to 18 U.S.C. § 3143(a)(2) once he "has been found guilty" of that offense.  *See also* 18 U.S.C. §§ 2422(b), 3142(f)(1)(B).\*

9. A pre-sentence investigation report is being prepared.  The parties were also informed that Judge Martinez will set the sentencing hearing by separate Order.

---

\* The Defendant was not remanded on this date pursuant to § 3143(a)(2) because, as the parties agreed, § 3143(a)(2) was not triggered because the Defendant's "plea was taken by a magistrate judge, so no conviction could result until the [District] Court adopt[s] the magistrate judge's report and recommendation." *United States v. Lewis*, No. 12-60011-CR, 2013 WL 140412, at \*1 (S.D. Fla. Jan. 11, 2013) (Rosenbaum, J.); *see also, e.g.*, *United States v. Yanni*, No. CR-09-1363-PHX-NVW (LOA), 2010 WL 3522271 (D. Ariz. Sept. 2, 2010); *United States v. Norfleet*, 185 F. Supp. 2d 315 (S.D.N.Y. 2002); *but see, e.g.*, *United States v. McGrann*, 927 F. Supp. 2d 279 (E.D. Va. 2013).

ACCORDINGLY, this Court **RECOMMENDS** that the Defendant's plea of guilty be accepted; that the Defendant be adjudicated guilty as to the offenses charged in Counts 2 and 3 of the Indictment, to which he has entered his plea of guilty; that a sentencing hearing be conducted for final disposition of this matter; and that the Defendant be ordered detained pursuant to 18 U.S.C. § 3143(a)(2) upon the adjudication that the Defendant is guilty of the offenses charged in Counts 2 and 3 of the Indictment.

As discussed with the parties at the change of plea hearing, the parties shall have **until 12 noon on Monday, December 1, 2025,** within which to file objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. If a party chooses not to file objections, that party **MUST** file a Notice of Non-objection to the Report and Recommendation on Change of Plea within the deadline set forth above. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

RESPECTFULLY RECOMMENDED in Miami, Florida, this 20th day of November 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
 Counsel of record